Armando **MORALES–MARAVILLA,** Petitioner,

v.

Eric H. **HOLDER** Jr., Attorney General, Respondent.

Nos. 06–74374, 06–75511.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2010.*

Filed Jan. 20, 2010.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Ashwani K. Bhakhri, Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Nehal Kamani, Oil, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

** This disposition is not appropriate for publication and is not precedent except as provid-

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Armando Morales–Maravilla, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") August 15, 2006, order dismissing his appeals from an immigration judge's ("IJ") order denying his application for cancellation of removal and his subsequent motion to reconsider, and the BIA's November 21, 2006, order denying his motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, and de novo claims of due process violations in immigration proceedings. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). In No. 06–74374, we dismiss in part and deny in part the petition for review, and in No. 06–75511, we deny the petition for review.

We lack jurisdiction to review the BIA's discretionary decision denying Morales–Maravilla's application for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003).

Morales–Maravilla's claim that the IJ violated due process by admitting police reports from his 1998 domestic conviction fails because the reports were probative, and their admission was not fundamentally unfair. *See Espinoza v. INS,* 45 F.3d 308, 310–11 (9th Cir.1995) (noting that "[t]he sole test for admission of evidence [in a

ed by 9th Cir. R. 36–3.

deportation proceeding] is whether the evidence is probative and its admission is fundamentally fair").

■ We reject Morales–Maravilla's challenge to the BIA's orders denying reconsideration, because the motions failed to identify any error of fact or law in the underlying orders. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

Morales–Maravilla's remaining contentions lack merit.

**IN No. 06–74374: PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**IN No. 06–75511: PETITION FOR REVIEW DENIED.**